## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHANIE DUNCAN-PETERS, BROOK HEDGE, and JUDITH E. RETCHIN,<br><br>        Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA<br><br>    and the<br><br>DISTRICT OF COLUMBIA<br><br>        Defendants. | No. 13 - |

## COMPLAINT

This is an action brought to enforce the decisions of *Beer v. United States,* 696 F. 3d 1174 (Fed. Cir. 2012), *cert denied,* 133 S.Ct 1997 (2013) ("*Beer*"), and *Cornish v. United States,* 112 Fed. Cl. 801 (2013) ("*Cornish*") with respect to benefits to plaintiffs. This action is brought to protect plaintiffs' rights in light of any arguable statutes of limitations defense.

## JURISDICTION AND VENUE

Jurisdiction and venue are predicated upon 28 U.S.C. § 1331 and D.C. Code § 11-1570(b)(1), which makes the Secretary of the Treasury responsible for the administration of the District of Columbia Judicial Retirement and Survivors Annuity Fund. Joinder of the District of Columbia is required under Federal Rule of Civil Procedure 19(a)(1) to accord complete relief to Plaintiffs.

## PARTIES

1. Plaintiff Stephanie Duncan-Peters was an Associate Judge of the Superior Court of the District of Columbia, having been appointed by the President of the United States in 1992. She retired effective May 3, 2011, and assumed senior status.

2. Plaintiff Brook Hedge was an Associate Judge of the Superior Court of the District of Columbia, having been appointed by the President of the United States in 1992. She retired effective December 4, 2010, and assumed senior status.

3. Plaintiff Judith E. Retchin was an Associate Judge of the Superior Court of the District of Columbia, having been appointed by the President of the United States in 1992. She retired effective December 4, 2010, and assumed senior status.

4. Defendant United States of America, through the Secretary of the Treasury, administers the District of Columbia Judicial Retirement and Survivors Annuity Fund.

5. Defendant District of Columbia is composed of three branches of government, one of which is the Judicial Branch, made up of the District of Columbia Courts. The Superior Court of the District of Columbia maintains plaintiffs' personnel records.

## COUNT ONE

6. *Beer v. United States*, 696 F. 3d 1174 (Fed. Cir. 2012), *cert denied,* 133 S. Ct 1997 (2013) established that United States district court judges appointed pursuant to Article III of the United States Constitution were entitled to a salary at the rate of $197,100 by 2010. *Cornish v. United States*, No. 12-861 (Fed. Cl. Ct. decided September 30, 2013), established that judges appointed under Article I of the United States Constitution whose salaries were linked to

those of the Article III judges were entitled to have the *Beer* rate of pay govern the calculation of their salary.

7.  Pursuant to D.C. Code § 11-904, the judges of the Superior Court are compensated at the same rate as judges of the United States district court. Pursuant to D.C. Code § 11-1564(a) (2001), each plaintiff's retirement salary is calculated upon her salary immediately prior to the date of her retirement.

8.  Plaintiffs' retirement salaries were calculated at a rate lower than the applicable law and holdings of *Beer* and *Cornish* required. Accordingly, plaintiffs bring this action for the correction of records and to enforce the *Beer and* Cornish decisions as to their retirement salaries.

9.  Plaintiffs have filed an administrative claim with the Secretary of the Treasury, pursuant to D.C. Code § 11-1570(c)(2)(A) and 31 C.F.R. 401 et seq., requesting the relief herein.

10. Plaintiffs have requested of the Director of Human Resources of the Superior Court that their personnel records be corrected to reflect the *Beer* pay rate immediately prior to plaintiffs' retirement.

PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully pray that this Court:

1.  Direct that the Secretary of the Treasury adjust each plaintiff's retirement salary as of the date each plaintiff retired to conform with the decisions of the Courts in the *Beer* and *Cornish* cases, and provide any and all relief dictated by the adjustment;

2.  Direct that the Secretary of the Treasury pay plaintiffs' current retirement salary at the rate where it would have been had it been correctly calculated at retirement,

3

and accounting for cost of living adjustments during their retirement; and provide any and all relief as dictated by the adjustment;

3. Order the Superior Court of defendant District of Columbia to correct plaintiffs' personnel records to reflect the correct rate of pay as an associate judge immediately prior to their retirement in accordance with *Beer;* and

4. Grant such other relief and further relief as this Court may deem just and proper.


Date: December 2, 2013


/s/John J. McAvoy
John J. McAvoy
3110 Brandywine St. NW
Washington, D.C. 20008
mcavoylaw@aol.com
Phone 202-966-8544