## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STEPHANIE DUNCAN-PETERS,** *et al.,* | ) ) ) |
| **Plaintiffs,** | ) ) |
| **v.** | ) **Civil Action No. 13-cv-01888 (RCL)** ) |
| **UNITED STATES OF AMERICA,** *et al.,* | ) ) ) |
| **Defendants.** | ) ) ) ) |
| _____ | ) |

## STATUS REPORT AND
## PARTIAL CONSENT MOTION TO CONTINUE SUSPENSION

Pursuant to Rule 7 of the Rules of this Court, defendant, the United States, respectfully submits this status report and motion to continue the suspension of this case for ninety days.  Plaintiffs have stated that they agree to a 21-day suspension of the case. The District of Columbia consents to a ninety day suspension.

In *Beer v. United States,* 696 F. 3d 1174 (Fed. Cir. 2012) (en banc), *cert denied,* 133 S.Ct 1997 (2013), the United States Court of Appeals for the Federal Circuit held that Congress violated the Compensation Clause of the Constitution and a statute when it withheld certain cost of living adjustments (COLAs) from Article III Judges.  In *Cornish v. United States,* 112 Fed. Cl. 801 (2013), the United States Court of Federal Claims held that a non-Article III Judge is also entitled to those COLAs.  On December 13, 2013, this Court suspended further proceedings in this case until sixty days after the decision in *Cornish* became final.  On March 11, 2014, the Court of Appeals for the Federal Circuit dismissed the Government's appeal of the *Cornish* decision.

Now that *Beer* and *Cornish* are final, the parties have been negotiating a resolution of this matter without further involvement of the Court.  The District of Columbia has notified us that it expects to pay plaintiffs the portion of their claims that covers judicial service as an active or senior judge.  The Department of Treasury expects to pay plaintiffs the portion of their claims that covers the time during which plaintiffs received a retirement annuity.  The Department of Treasury also expects to adjust plaintiffs' retirement annuities to reflect the salaries plaintiffs would have received if the withheld COLAs had been given.

Under the terms of the District of Columbia Judges' Retirement Plan, any increase in the plaintiffs' retirement annuities is contingent upon the completion of their final salary adjustments and the mandatory deduction of retirement contributions from their back pay awards from the District of Columbia to fund the increase in their retirement annuities.  Both are required under the terms of the settlement agreement between the plaintiffs and the District of Columbia.  Thus, the Department of Treasury will adjust plaintiffs' retirement annuities and pay the back-pay portion of the claim that involves plaintiffs' retirement annuities only after the final salary adjustments have been completed and Treasury has received the increased annuity contributions.  The District of Columbia has indicated that it is currently negotiating releases with plaintiffs (and other District of Columbia judges) and that it expects to adjust plaintiffs' final salaries and pay their back pay award (relating to active or senior service) by the end of September.  The District of Columbia has stated that it will, at that time, transfer the increased retirement contributions to the Department of Treasury.  Because retirement annuities are paid on the first of the month, the Department of Treasury has stated that, assuming that the

District of Columbia transfers the increased retirement annuities by the end of September, it expects to adjust plaintiffs' retirement annuities and make their back annuity payments on October 1, 2014.

The Department of Treasury has prepared calculations of the back-pay award and annuity adjustment it expects to make.  Our expert is reviewing those calculations and we expect to send them to plaintiffs' counsel within the next few weeks.

Accordingly, given this timeline – notably, that we expect that final payment will not be made to plaintiffs until, at the earliest, October 1, we respectfully request that the Court order the United States to provide a further status report in 90 days – by October 6, 2014.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

s/ L. Misha Preheim
L. MISHA PREHEIM
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C.  20044
Tel:  (202) 305-3087
Fax: (202) 514-8640
Misha.Preheim@usdoj.gov

July 8, 2014                                        Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **STEPHANIE DUNCAN-PETERS,** *et al.,* | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **Civil Action No. 13-cv-01888 (RCL)** |
| **UNITED STATES OF AMERICA,** *et al.,* | ) ) ) | |
| **Defendants.** | ) ) ) | |
| _____ | ) | |

## <u>ORDER</u>

Upon consideration of defendant's partial consent motion to suspend this case for ninety days, it is

ORDERED, that the motion is granted, and it is further

ORDERED that this case is suspended until October 6, 2014, and it is further,

ORDERED that defendant shall file a status report on or before October 6, 2014.


_____
United States District Judge